# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEVIN B. YARBROUGH,

:

    Petitioner,                               Case No. 3:08-cv-123

:              District Judge Walter Herbert Rice
  -vs-                                       Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

:

    Respondent.

---

## DECISION AND ORDER DENYING MOTION TO RECONSIDER ORDER TO EXPAND THE RECORD

---

This habeas corpus case is before the Court on Respondent's Motion (Doc. No. 19) for Reconsideration of this Court's Decision and Order (Doc. No. 18) granting Petitioner's Motion to Expand the Record under Rule 5 of the Rules Governing § 2254 Cases (Doc. No. 15).

Petitioner's Motion was filed and served March 3, 2009. Before filing it, Petitioner's counsel complied with S. D. Ohio Civ. R. 7.3 and consulted with Respondent's counsel about consent to the Motion, reporting that "Respondent partially opposes this motion." (See Doc. No. 15 at 1). Under S. D. Ohio Civ. R. 7.2, "[a]ny memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." Because of the manner of service, i.e., through the electronic filing system, three days are added to the time for filing a memorandum in opposition. Fed. R. Civ. P. 6(d). Thus any memorandum in opposition was due to be filed by March 27, 2007. None was filed.

S. D. Ohio Civ. R. 7.2(a)(2) provides "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees." When no memorandum in opposition was filed in this matter, the Court inferred that Respondent's counsel had rethought her partial opposition to the Motion. In any event, the purport of the quoted portion of S. D. Ohio Civ. R. 7.2(a)(2) is that the Court need not search *sua sponte* for grounds on which a party might have opposed a motion when the party has not in fact filed a timely opposition.

Having failed to file a timely memorandum in opposition, Respondent now seeks reconsideration of the Order. "As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Respondent's Motion for Reconsideration does not attempt to show that the situation satisfies any of these bases. Instead, the Motion is essentially a late-filed memorandum in opposition without even a confession that it is late or any attempt to show excusable neglect as required by Fed. R. Civ. P. 6(b)(1)(B).

Turning to the merits, Respondent acknowledges (Motion, Doc. No. 19, at 7) that the Court has authority under Habeas Rule 5 to expand the record beyond what is filed by a respondent with the answer, but argues "such an order is ordinarily limited by what is relevant" without any citation of authority. There is authority, however, for ordering the entire state record to be filed. *See Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). In capital cases this Court has frequently, often on

motion of respondent, issued a writ of certiorari to the county clerk of court for the entire record[1]. Of course authority exists under Habeas Rule 7 to expand the federal court record well beyond what was before the state courts. While this is no longer a capital case, a man's life is at stake in terms of how Petitioner is now sentenced to spend the rest of his life,

The Court has no desire that the record be cluttered with material which will not be useful to deciding the case. However, at this stage it is next to impossible for a judge to decide what parts of the state court record will eventually be relevant. Weighing the costs of spending large amounts of judicial time trying to decide that question in the abstract against the availability of high-speed sheet-fed scanners counsels strongly against trying to decide "relevance" at this stage. The Court's own experience suggests that sometimes parts of a state court record which are not directly relevant may give context to parts which are. It is also often difficult to determine the usefulness of a document merely from the title used to docket it.

On balance, given that the opposition was late and the cost to judicial economy of trying to decide relevance at this stage is great, the Motion for Reconsideration is denied. However, the Court encourages counsel for the parties to consult as to whether portions of the state court record may be omitted without risk that they will later prove useful.

March 31, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] Respondent wardens are represented in those cases, the Court realizes, by another division of the Attorney General's Office.